### BIEN et al. v. HELLMAN et al.

*(Superior Court of New York City, General Term.* May 2, 1892.)

BILL OF PARTICULARS—WHEN DENIED—EVIDENCE.

In an action against alleged partners on an agreement, in which one of the defendants showed that he was never a partner of his codefendants, nor interested in business with them in any manner, that he never had any dealings with plaintiffs, and that, if the agreement sued on was signed with his name, it was a forgery, the court erred in directing service of a bill of particulars showing the nature of the agreement sued on, since by such defendant's own showing he was able to deny all the allegations of the complaint.

Appeal from special term.

Action by Julius Bien and another against Theodore Hellman and others. From an order directing service of a bill of particulars on defendant Hellman, plaintiffs appeal. Reversed.

Argued before SEDGWICK, C. J., and FREEDMAN and MCADAM, JJ.

*Franklin Bien,* for appellants. *George W. Seligman,* for respondents.

FREEDMAN, J. The complaint is founded upon a theatrical contract, alleged to have been made by the respondent and two other defendants as copartners in a certain theatrical business. The particulars which were ordered to be furnished, were as to (*a*) the nature of the agreement sued on, whether oral or in writing; (*b*) the nature and items of the theatrical printing, and of the materials therefor, alleged in the complaint to have been furnished to the defendants, and of those alleged in the complaint to have been delivered to the defendants; (*c*) the items of the credit of $1,115.50, to which the defendants are alleged in the complaint to be entitled. The order having been made before answer, it was incumbent upon the moving defendant to establish a necessity for the granting of the order at that stage of the litigation in order to enable him to prepare his answer to the complaint, which was for a certain balance due upon the alleged contract. But the said defendant himself showed that he never was a partner of the codefendants; that he never had any dealings with the plaintiffs; that he never was interested in business with the codefendants in any way or manner, and that, if there is any agreement in writing with his signature, it is a forgery. Under these circumstances, no necessity whatever existed for ordering the plaintiffs to furnish a bill of particulars, for the defendant showed his ability to positively deny all the allegations of the complaint.

The order should be reversed, with $10 costs, etc. All concur.